UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

ARTHUR CAMPBELL,

        Plaintiff,

-against-

MOSHE GOLDBERG; HOPE CAMPBELL;
WASHINGTON MUTUAL BANK,

        Defendants.
-----------------------------------------------------------x

MEMORANDUM
AND ORDER
05-CV-5980 (SLT)

TOWNES, United States District Judge:

Plaintiff, appearing *pro se*, brings this action challenging his eviction. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, solely for the purpose of this order and dismisses the case for the reasons stated below.

## BACKGROUND

Plaintiff's complaint in its entirety states:

> Plaintiff became disabled w/knowledge of Hope Campbell who was asked to oversee, manage plaintiff's home at 380 Bainbridge St. Bklyn NY. She was to seek conservatorship in Supreme Court and never did. Instead, all defendants took over the real estate, sold some, gave plaintiff no monies and now seek to evict him from out of his home and doing so due his disability or perceived disability. The plaintiff also seeks an order staying the eviction due to non compliance with conservatorship laws in L&T court index 2005/0096156.

Complaint at 1, ¶ III.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which

1

relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

In reviewing plaintiff's complaint, the Court is mindful that because plaintiff is proceeding *pro se*, his submission should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over this action. See e.g., Rene v. Citibank NA, 32 F. Supp. 2d 539, 541-2 (E.D.N.Y. 1999) (dismissing *pro se* plaintiff's complaint for lack of subject matter jurisdiction).

## DISCUSSION

This Court lacks subject matter jurisdiction over plaintiff's claims pursuant to Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983) (Rooker-Feldman doctrine). The Supreme Court recently clarified the contours of Rooker-Feldman in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. ----, 125 S.Ct. 1517, --- L.Ed.2d ---- (2005), and held that the doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 1521-22.

2

Defendant Hope Campbell has already litigated the foreclosure of the Bainbridge Street property ("the property") in state court.[1] By order dated March 18, 2004, Kings County Supreme Court denied Hope Campbell an order staying the foreclosure of the property. See Washington Mutual Bank, F.A. v. Campbell et al. Index No. 1123/03 (Kings County Supreme Court, March 18, 2004) (copy annexed to complaint).

Therefore, to the extent plaintiff brings the instant complaint as a means to challenge the orders of the state courts regarding the foreclosure and eviction, this Court lacks jurisdiction to grant plaintiff the relief he seeks. See Trang v. Concris Realty Co., N0. 05 CV 5441, 2005 WL 1398004 (E.D.N.Y. June 14, 2005) (court lacks subject matter jurisdiction over eviction); McAllan v. Malatzky, No. 97 CV 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998) (no subject matter jurisdiction where plaintiff attempted to recloak his charges regarding a state housing court matter as a violation of his constitutional rights); DiNapoli v. DiNapoli, No. 95 Civ.7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995) (federal courts do not have subject matter jurisdiction over landlord-tenant matters); Chiania v. Broadmoor Associates, No. 94 Civ. 0613, 1994 WL 30412, at *1 (S.D.N.Y. Feb. 2, 1994) (where plaintiff's state court claims were litigated in a long and acrimonious landlord/tenant dispute and were merely "recloaked in constitutional garb," the "constitutional" claim was insufficient to confer jurisdiction).

A review of plaintiff's claims here would necessitate a review of the state court's foreclosure order. Thus, plaintiff's claims are "inextricably intertwined" with the housing court decision and this Court lacks subject matter jurisdiction to review plaintiff's claim under the Rooker-Feldman doctrine.

---

[1] Plaintiff was not a party to the state court action.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. Fed. R. Civ. P. 12 (h)(3). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
December 29, 2005